843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DICKINSON-IRON COMMUNITY ACTION AGENCY, Petitioner/Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent/Cross-Petitioner.
 Nos. 87-5582, 87-5735.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1988.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and S. ARTHUR SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 This case is before us on a petition to set aside an order of the National Labor Relations Board and a cross-application for enforcement. The Board's order is reported at 282 NLRB No. 160 (May 18, 1987).
 
 
 2
 An administrative law judge found that Dickinson-Iron Community Action Agency, Dickinson-Iron Alternative Fuel Energy Corporation, and Eagle Fiber Fuels Manufacturing, Inc. comprised a "single employer" that had violated Sec. 8(a)(1) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(1), by discharging eight employees for engaging in concerted, protected activity. The Board upheld the ALJ's decision and adopted it as its own. Chairman Dotson dissented, stating that he would decline to assert jurisdiction in accordance with the policy set forth in Ming Quong Children's Center, 210 NLRB 899, 900 (1974). (In Ming Quong the Board declined to assert jurisdiction over non-profit entities not engaged in "purely commercial activity" and not having a "massive impact" on interstate commerce.)
 
 
 3
 Citing Chairman Dotson's dissent, the Community Action Agency argues that the Board has no jurisdiction over it because it is a non-profit organization engaged primarily in providing social services. The Board responds that the agency waived this issue by failing to challenge the Board's jurisdiction when filing exceptions to the ALJ's order. In any event, the Board says, Ming Quong was overruled in St. Aloysius Home, 224 NLRB 1344, 1344-45 (1976), where the Board concluded that Congress had removed any statutory basis for declining jurisdiction on basis of charitable function or worthy purpose.
 
 
 4
 After reviewing Ming Quong and St. Aloysius Home, supra, we agree that it was within the Board's province to exercise jurisdiction here. Accordingly, and having concluded that the Board's findings of fact are supported by substantial evidence, we GRANT enforcement of the Board's order.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation